UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUXILIADORA SARAI BENAVENTE URIARTE,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-01474-MCS-K<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 4)** |

Petitioner Auxiliadora Sarai Benavente Uriarte brings this action for a writ of habeas corpus. (Pet., ECF No. 1; Am. Pet., ECF No. 7.)[1] Petitioner filed an ex parte application for a temporary restraining order and for issuance of an order to show cause why a preliminary injunction should not issue. (Appl., ECF No. 4.) The Court ordered briefing on the application. (Order Setting Br. Schedule, ECF No. 5.) Respondents Markwayne Mullin, the Secretary of the Department of Homeland Security; Todd Lyons, the Acting Director of Immigration and Customs Enforcement ("ICE"); Todd

_____

[1] The amended petition includes a verification signed by Petitioner, (Am. Pet., Verification, ECF No. 7), which appears to satisfy the requirements laid out in 28 U.S.C. § 2242.

1

Blanche, the Acting Attorney General of the United States;[2] Ernesto Santacruz Jr., the Acting Director of the Los Angeles Field Office; and Fereti Semaia, the Warden of the Adelanto ICE Processing Center, filed a brief in response. (Resp., ECF No. 9.) The Court deems the matter appropriate for decision without further briefing or oral argument and vacates the hearing set for April 8, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.  BACKGROUND

According to the petition and application materials, Petitioner was placed in removal proceedings in August 2022 and charged with entering the United States without inspection, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (Am. Pet. ¶ 28.) Petitioner was subsequently released from custody pursuant to an Order of Recognizance. (*Id.* ¶ 29.) She has since been rearrested and is currently detained at the Adelanto ICE Detention Facility. (*Id.*) Respondents have not provided Petitioner with a bond hearing since her redetention. (*See id.* ¶¶ 30, 35.) Petitioner argues her continued detention without an opportunity for a bond hearing violates her rights under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. (*Id.* ¶¶ 33–39.) She seeks an order directing Respondents to provide her with an individualized bond hearing within seven days. (Appl. 18.)

## II.  LEGAL STANDARD

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

---

[2] Todd Blanche, the current Acting Attorney General, takes the place of Pam Bondi as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit also employs a "version of the sliding scale approach" where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, an injunction may issue if the plaintiff shows that serious questions go to the merits, the balance of hardships tips sharply toward the plaintiff, the plaintiff is likely to suffer irreparable injury, and an injunction is in the public interest. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).

## III.   DISCUSSION

### A.   Likelihood of Success on the Merits

Petitioner is likely to succeed on the merits of her INA claim. (Am. Pet. ¶¶ 33–35; Appl. 9–14.)[3]

Respondents concede that Petitioner "appears to be" a member of the bond-eligible class recognized in *Maldonado Bautista v. Santacruz* and is entitled to relief on that basis. (*See* Resp. 2.) *Maldonado Bautista* recognized a bond-eligible class of

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

---

[3] The Court does not opine on Petitioner's likelihood of success on the merits of her due process claim.

__ F. Supp. 3d __, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025).

For purposes of this case, the Court will not repeat the statutory analysis of the *Maldonado Bautista* court, which is consistent with the conclusion many other courts across the country have reached regarding whether the mandatory detention provisions of 8 U.S.C. § 1225(b) apply to individuals like Petitioner, and which the Court finds persuasive. *See, e.g.*, *Helal v. Janecka*, No. 5:25-cv-02650-HDV-JC, 2025 U.S. Dist. LEXIS 226600, at *8 (C.D. Cal. Oct. 24, 2025) (collecting cases for the proposition that "[t]he vast majority of courts—analyzing the text, structure, agency application, and legislative history of [§§ 1225(b) and 1226(a)]—have found that § 1226(a) applies"); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026) (reaching a different interpretation over a dissent); *Avila v. Bondi*, __ F.4th __, No. 25-3248, 2026 WL 819258, at *2–6 (8th Cir. Mar. 25, 2026) (same). Ultimately, the final judgment entered in *Maldonado Bautista* declared that class members "are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)" and instead are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge" pursuant to 8 U.S.C. § 1226(a). *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

Here, Petitioner is charged with entering the United States without inspection in 2022. (Am. Pet. ¶ 28.) There is no indication she has a criminal history, and the Government has not argued she was apprehended upon her arrival or that she is subject to detention pursuant to 8 U.S.C. §§ 1225(b)(1), 1226(c), or 1231. Accordingly, Petitioner is likely to succeed on the merits of her INA claim based on her apparent membership in the *Maldonado Bautista* class. *See, e.g.*, *Rizo v. Lyons*, No. 5:26-cv-00194-SSS-BFM, 2026 U.S. Dist. LEXIS 15090, at *7 (C.D. Cal. Jan. 27, 2026) ("Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled

4

to . . . what is guaranteed by *Bautista*'s final judgment."); *Garcia v. Semaia*, No. 5:25-cv-03536-HDV-AS, 2026 U.S. Dist. LEXIS 6680, at *2 (C.D. Cal. Jan. 5, 2026) (granting relief pursuant to *Maldonado Bautista* where the Government conceded that the petitioner was a class member).

For these reasons, Petitioner is likely to succeed on her INA claim.

### B.    Irreparable Harm

Petitioner has established irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "Deprivation of physical liberty by detention constitutes irreparable harm." *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citing *Hernandez*, 872 F.3d at 994). Given the Court's determination that Petitioner is likely to succeed on the merits of her INA claim, Petitioner faces irreparable harm absent injunctive relief because she would remain in detention without an individualized bond hearing.

### C.    Balance of Equities and Public Interest

The last two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). "Because public interest concerns are implicated when a constitutional right has been violated, all citizens have a stake in upholding the Constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (cleaned up). The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). "Faced with a choice 'between [minimally costly procedures] and preventable human suffering,' as discussed above, the Court concludes 'that the balance of hardships tips decidedly in [petitioner's]

favor." *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO (HC), 2025 U.S. Dist. LEXIS 132500, at \*23 (E.D. Cal. July 11, 2025) (alterations in original) (quoting *Hernandez*, 872 F.3d at 996). These factors favor relief.

### D.  Summary

All factors strongly favor injunctive relief. The Court grants a preliminary injunction enjoining Respondents from continuing to detain Petitioner unless she is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.

The Court exercises its discretion not to require a security. Fed. R. Civ. P. 65(c); *see Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*." (internal quotation marks omitted)); *cf. Rodriguez-Flores v. Semaia*, No. CV 25-6900 JGB (JCx), 2025 U.S. Dist. LEXIS 192394, at \*14 (C.D. Cal. Aug. 14, 2025) ("Due to the minimal harms suffered by the government, the Court will not require a security.").

### IV.  CONCLUSION

The Court grants the application and issues a preliminary injunction as follows: Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf, in concert, or in participation with them are enjoined from continuing to detain Petitioner unless she is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.

///

6

Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated: April 2, 2026

_Mark C. Scarsi_

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE